IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MESERET MESFIN,** *Plaintiff* | § § § § | |
| Vs. | § § | Civil Action No. _____ |
| **RECONSTRUCTIVE ORTHOPEDIC CENTER OF HOUSTON,** *Defendant* | § § § § § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Meseret Mesfin ("Plaintiff"), by and through the undersigned attorney, and brings this civil action against Reconstructive Orthopedic Center of Houston ("Defendant") to recover unpaid wages and overtime compensation for hours worked in excess of forty (40) hours per week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq., and recover for her unlawful firing in violation of the Family Medical Leave Act ("FMLA"), 29 U.S. C. 2601, et seq., and shows the Court the following:

## INTRODUCTION

**THE FLSA**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers…" 29 U.S.C. 202(a).  To achieve these goals, the FLSA sets minimum wage and overtime pay requirements for covered employers and employees.  29 U.S.C. 206(a) and 207(a).

2. The overtime requirements of the FLSA serve the purpose of (1) spreading out employment by placing financial pressures on the employer to hire additional workers rather than employ the same number of workers for longer hours; and (2) compensating employees who work overtime.

3. Defendant has violated the FLSA by failing to pay Plaintiff for hours she worked and for failing to pay Plaintiff overtime compensation as proscribed under the FLSA for all hours worked in excess of forty (40) hours per week.

4. Accordingly, Plaintiff brings this action to recover unpaid wages and overtime compensation due to her.

## THE FMLA

5. The FMLA entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons. An eligible employee is defined as: (1) an employee employed for at least 12 months and (2) an employee employed for at least 1,250 hours of service with such employer during the previous 12-month period, 29 U.S.C. 2611.

6. The purpose of this Act is to balance the demands of the workplace with the needs of families and promote the stability and economic security of families.

7. Defendant violated this act by unlawfully firing Plaintiff, an eligible employee under FMLA, when she took leave as a result of a formally diagnosed and reported medical condition.

8. Accordingly, Plaintiff brings this action to recover damages for her unlawful termination.

## PARTIES

9. Plaintiff is a resident of Harris County, Texas. Plaintiff was employed by Defendant as an account manager from June of 2014 through March 30, 2016. She was a covered employee

of Defendant within the meaning of both the FLSA and the FMLA within the three years of filing this lawsuit.

10. Defendant is a for profit corporation doing business in Texas. Defendant is covered under the FLSA, as an enterprise engaged in commerce and with an annual gross volume of business done exceeding $500,000. 29 U.S.C. 203(s). Defendant can be served with process through its registered agent, Marcos Masson at 1200 Binz Street, Suite 100 Houston, TX 77004.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over this action because it is brought pursuant to the Fair Labor Standards Act, 28 U.S.C. 1331 and 29 U.S.C. 216(b), and the Family Medical Leave Act, 29 U.S. C. 2601, et seq.

12. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. 1391(b)(2) because all, or a substantial part, of the acts and conduct charged herein occurred in this district.

## FACTUAL and LEGAL BACKGROUND

**Defendant's FLSA Violations**

13. Plaintiff was employed by Defendant from June of 2014 through March 30, 2016 as an account manager. As an account manager, Plaintiff was tasked with correcting medical bills and billing, uploading claims and downloading ERA's, re-credentialing, posting payments, scheduling patients, running reports, calling carriers to collect payments, sending appeal, filing MFD and BRC, and posting surgery charges.

14. For more than a year Plaintiff was required, and did, work in excess of forty (40) hours per work week.  Between June 2014 and December 2015, Ms. Mesfin worked more than 500 hours of overtime and was not paid for any of it.

15. Plaintiff was required to clock in and clock out when working.  After careful review of the time sheets, however, it is also clear that Ms. Mesfin was not paid for a total of 82 hours between June 2014 and December 2015.

16. At all times, the job duties of Ms. Mesfin while employed by Defendant were those of a non-exempt employee under the FLSA.

17. Plaintiff's job duties do not meet any of the FLSA exemptions.

18. Because Plaintiff was a non-exempt employee, Defendant was required to pay Plaintiff for all hours worked.

19. Because Plaintiff was a non-exempt employee, Defendant was required to pay Plaintiff one and one-half the times the regular hourly rate of pay for the hours she worked in excess of forty (40) per work week.

20.  Defendant did not compensate Plaintiff for any hours in excess of forty (40) hours at one and one-half times her regular hourly rate.

21. Defendant did not compensate Plaintiff for part of the hours she worked while employed

22. Because Plaintiff was entitled to be paid for all hours worked, including overtime hours at one and one half her regular rate of pay, Defendant's policy and/or practice of failing to pay Plaintiff was a clear violation of the FLSA.

23. Defendant knew or should have known that this practice violates the FLSA and Defendant has not made a good faith attempt to comply with the FLSA.  Instead, Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or

practice regarding its failure to pay Plaintiff the compensation, overtime, and otherwise, to which she was entitled.

**Defendant's FMLA Retaliation Violations**

24. On March 17, 2016, Plaintiff took medical leave for her serious medical condition at the request of her physician and with the consent of Defendant.

25. Plaintiff informed Defendant of her need for medical leave due to restrictions placed on her by her physician and her serious medical condition.

26. Defendant granted Plaintiff one-month leave, from March 17, 2016 until April 16, 2016.

27. However, Plaintiff was terminated on March 30, 2016, while out on her approved medical leave. Defendant claimed Plaintiff was terminated for violating a competing business agreement in her contract. However, Plaintiff was not and had not participated in a competing business. Several coworkers, however, were actively engaged in their own competing businesses without incurring an adverse employment action from Defendant.

28. Defendant knew or should have known that this termination violates the FMLA and Defendant has not made a good faith attempt to comply with the FMLA. Instead, Defendant knowingly, willfully, and or with reckless disregard carried out its illegal pattern or practice regarding terminating an employee while out on an approved medical leave.

29. The FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." § 2615(a)(2). To make out a *prima facie* case for retaliation under § 26159(a(2), a plaintiff must show that: "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the

adverse decision was made because she took FMLA leave." *Hunt*, 277 F.3d at 786 (citation omitted).

30. If this initial burden is met, the employer-defendant must then articulate a legitimate reason for the employment action. *Hunt,* 277 F.3d at 768. If that is done, the employee must then show that the articulated reason was actually a pretext for retaliation. *Id*. The plaintiff need not prove that the exercise of FMLA rights was the sole cause of the unfavorable treatment; "[t]he plaintiff is, however, required to show that the protected activity and the adverse employment action are not completely unrelated." *Mauder*, 446 F.3d at 583.

31. Here, Plaintiff put Defendant on notice of her need for FMLA leave for her medically diagnosed anxiety disorder and severe headaches and was fired shortly thereafter because Defendant falsely claimed Plaintiff had a competing business that violated her contract clause. ROC of Houston's reason for termination is not legitimized because ROC of Houston knew Plaintiff had a history of headaches, knew she had been under stress at work, and had already been pre-approved for FMLA leave when she reported the headaches. This was nothing more than a false pretext to terminate her employment.

32. Defendant's reason for termination is a mere pretext to retaliate against Ms. Mesfin for taking time off because of a serious health condition as is authorized by the FMLA. *See, e.g., Bryant v. Dollar General Corp.,* 538 F 3d 394 (6th Cir. 2008) (affirming jury verdict in FMLA retaliation case and holding that the FMLA prohibits employers from retaliating against employees for taking FMLA-covered leave).

## JURY DEMANDED

33. Plaintiff hereby demands a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Actual damages including but not limited to pecuniary losses, non-pecuniary losses, loss of benefits, unpaid overtime wages and unpaid wages;

b. Liquidated damages under the FMLA and FLSA;

c. Reasonable attorneys' fees;

d. Court costs;

e. Prejudgment and postjudgment interest;

f. All other relief to which Plaintiff is entitled

Respectfully Submitted,

By:   /s/ Andrew A Woellner
Andrew A. Woellner
Texas Bar No. 24060850
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007
awoellner@potts-law.com
Telephone: (713) 963-8881
Facsimile: (713) 583-5388

**ATTORNEY FOR PLAINTIFF**