IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MESERET MESFIN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-16-2401 | |
| § | | |
| ROC-HOUSTON, P.A., § | | |
| Defendant. § | | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 39] filed by Defendant ROC-Houston, P.A. ("ROC-Houston"). Defendant seeks summary judgment on Plaintiff's claim of retaliation under the Family and Medical Leave Act ("FMLA"), breach of contract claim, and Fair Labor Standards Act ("FLSA") claim related to "unpaid wages" separate from unpaid overtime wages. Plaintiff Meseret Mesfin filed a Response [Doc. # 41], addressing only the FMLA claim. Defendant filed a Reply [Doc. # 43]. Having reviewed the record and the applicable legal authorities, the Court **grants** Defendant's Motion.

## I. BACKGROUND

Plaintiff began working for ROC-Houston in the billing and collections department in October 2008. In March 2016, Plaintiff complained to her doctor, Dr. Samuel Huang, that she was experiencing stress and anxiety. Dr. Huang signed a note

that stated, "Meseret Mesfin was seen at Kelsey-Seybold Clinic on 3/17/2016 and may return to work on 4/17/2016. She will have no restrictions." Plaintiff has stated under oath that she was unable to work beginning on March 17, 2016, and continuing through her termination on March 30, 2016.

On March 22, 2016, ROC-Houston's Human Resources Director, Lorena Cornelio, sent an email to Plaintiff requesting a medical certification by March 25, 2016. Plaintiff responded, stating that she would need more than three days to obtain the certification and asking to use her paid sick time. Ms. Cornelio responded on March 24, 2016, noting that Plaintiff was not on authorized leave and requesting the medical certification as soon as possible "for FMLA compliance reasons." Ms. Cornelio extended the deadline for the certification to March 28, 2016. Later that day, Ms. Cornelio again emailed Plaintiff advising her that it was imperative that ROC-Houston receive the medical certification promptly in order "to determine whether [Plaintiff was] eligible for leave under the FMLA." Later on March 24, 2016, Dr. Huang submitted the completed medical certification to ROC-Houston.

On March 30, 2016, Ms. Cornelio telephoned Plaintiff and informed her that her employment had been terminated because she held outside employment in violation of company policy.

Plaintiff filed this lawsuit on August 9, 2016. In her Second Amended Complaint [Doc. # 21], filed January 27, 2017, Plaintiff asserts an FLSA claim, a retaliation claim under the FMLA, and a breach of contract claim. After the close of discovery, Defendant filed its Motion. Plaintiff in her Response addressed only the arguments relating to the FMLA retaliation claim.[1] The Motion has been fully briefed and is now ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

---

[1] As an alternative to its Motion for Partial Summary Judgment on the FMLA retaliation claim, Defendant requested partial summary judgment on its after-acquired evidence defense. Plaintiff responded to this alternative argument in her Response. Because summary judgment is granted on the FMLA retaliation claim, the Court need not address this alternative defense.

matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Conclusory "allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not

assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

## III. ANALYSIS

Plaintiff alleges that Defendant retaliated against her for requesting and taking FMLA leave, in violation of 26 U.S.C. § 2617(a)(1). To establish a *prima facie* case of retaliation under the FMLA, a plaintiff must first establish that she was protected by the Act. *See Hunt v. Rapides Health Care Sys., L.L.C.*, 277 F.3d 757, 768 (5th Cir. 2001). The FMLA applies only to an "employer," defined as one who employs "50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." *See* 29 U.S.C. § 2611(4). The definition of "eligible employee" excludes any employee at a worksite at which, or within 75 miles of which, the employer employs fewer than 50 employees. *See* 29 U.S.C. § 2611(2). This "threshold number of employees for application of the FMLA is an element of a plaintiff's claim for relief, not a jurisdictional limitation." *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 357 (5th Cir. 2006).

Plaintiff does not dispute that ROC-Houston does not meet the 50-employee minimum, but argues that Defendant is estopped to deny FMLA coverage, citing *Minard*. In *Minard*, the Fifth Circuit set forth the elements of equitable estoppel in the FMLA context:

> an employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an "eligible employee" and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense

of non-coverage, if the employee reasonably relies on that representation
and takes action thereon to her detriment.

*Id.* at 359.

### A. <u>**Definite Representation of FMLA Entitlement**</u>

Plaintiff cites to several documents that reference the "FMLA" in an attempt to show circumstantially that equitable estoppel applies. She notes that the employee handbook references the FMLA, and she has presented evidence of ROC-Houston forms and emails to her that reference the FMLA. Plaintiff has also submitted an email that references the FMLA, but that was not provided to Plaintiff prior to her termination.

#### 1. **Handbook**

Plaintiff has submitted the 2015 Employee Handbook for ROC-Houston and G&A Partners. *See* Handbook, Exh. M to Plaintiff's Response. The Handbook notes that G&A Partners is ROC-Houston's Professional Employer Organization, and that the "substantive terms and conditions of employment" are from G&A Partners employee handbook, as adopted by ROC-Houston. The Handbook includes a section on "Family and Medical Leave" and an Appendix A regarding employee rights and responsibilities under the FMLA.

The Handbook does not include, however, a definite representation that Plaintiff is eligible for FMLA leave. Indeed, in the Family and Medical Leave section, the

Handbook states clearly and unequivocally that to be "eligible for FMLA Leave benefits, you must: . . . work at a location where at least 50 employees are employed by the Company within 75 miles, as of the date the leave is requested." *See* Handbook, p. 17. Similarly, in Appendix A, the Handbook provides that an employee is eligible for FMLA leave "if at least 50 employees are employed by the employer within 75 miles." *See id.*, Appendix A, p. 87. Rather than constitute a definite representation that Plaintiff was eligible for FMLA leave, the Handbook clearly informs Plaintiff that she is eligible for FMLA leave only if ROC-Houston satisfies the 50-employee minimum requirement.

### 2. Forms

Plaintiff also relies on leave-related forms that referred to the FMLA. Specifically, Defendant provided to Plaintiff a Leave of Absence Notice form with a check in the box next to "Family and Medical Leave Act" as the reason for the requested leave of absence. *See* Exh. G to Plaintiff's Response. Plaintiff has presented evidence that she did not check the box and, instead, it was already checked when the form was given to her. The form is a G&A Partners form, with ROC-Houston listed as the client and Plaintiff listed as the employee. It was signed by Plaintiff on March 18, 2016, and by a representative of ROC-Houston on March 21, 2016.

Plaintiff relies also on a medical certification form that was given to Plaintiff to be completed by her physician. *See* Exh. I to Plaintiff's Response. The form is entitled "Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)" and was signed by Dr. Huang on March 24, 2017.

Neither of these two forms contains a definite statement that Plaintiff was eligible for FMLA leave. The Leave of Absence Form was signed by Plaintiff on March 18, 2016. Plaintiff states that, thereafter, she understood she was not entitled to FMLA leave until the medical certification form was signed and submitted. Indeed, based on that understanding, on March 22, 2016, she requested to use her paid sick leave. *See* March 22, 2016 Email, Exh. H to Plaintiff's Response. On March 24, 2016, Ms. Cornelio informed Plaintiff clearly that the medical certification form was to enable Defendant "to determine whether [she was] eligible for leave under the FMLA." *See* March 24, 2016 Email, Exh. L to Plaintiff's Response. Although the forms include a reference to the FMLA, Plaintiff understood as of March 22, 2016, and Defendant specifically informed Plaintiff on March 24, 2016, that her eligibility had not yet been determined. Therefore, neither form is evidence of a definite statement by Defendant to Plaintiff that she was eligible for FMLA leave.

### 3. Third Party Communications

Plaintiff cites a March 29, 2016 email from G&A Partners to Ms. Cornelio as evidence of a direct statement of FMLA eligibility. In the email, someone with G&A Partners instructed Ms. Cornelio to continue paying Plaintiff's "sick time" because "in the long run it will be cheaper to pay her than to get hit with [an] ADA or FMLA violation because we did not do so."[2] *See* March 29, 2016 Email, Exh. N to Plaintiff's Response. This statement was from G&A Partners to Ms. Cornelio, not to Plaintiff. As a result, it cannot be a definite representation made by Defendant to Plaintiff regarding FMLA eligibility.

Plaintiff has failed to present evidence that raises a genuine issue of material fact as to whether Defendant made a definite representation to her that she was eligible for FMLA leave. Therefore, Plaintiff cannot rely on the equitable estoppel doctrine in *Minard* to avoid the 50-employee minimum requirement for FMLA applicability. Defendant is entitled to summary judgment on the FMLA retaliation claim on this basis.

---

[2] A reasonable construction of this email is that this is not a statement that Plaintiff is eligible for FMLA leave, but is a comment only that it would be "cheaper" to pay Plaintiff's "sick time" than to defend against a lawsuit.

## B. Detrimental Reliance

Additionally, Plaintiff has not presented evidence that raises a genuine issue of material fact regarding conduct on her part in detrimental reliance on any representation by Defendant about her eligibility for FMLA leave. She has presented no evidence that she would have returned to work if she were ineligible for FMLA leave. *See Minard*, 447 F.3d at 359; *Durose v. Grand Casino of Mississippi Inc.*, 251 F. App'x 886, 889 (5th Cir. 2007) (noting the plaintiff had presented no evidence she would have returned to work against doctor's orders had she known she was not eligible for FMLA leave); *Collins-Pearcy v. Mediterranean Shipping Co.*, 698 F. Supp. 2d 730, 740 (S.D. Tex. 2010). Indeed, Plaintiff admits that she was unable to work during the requested leave period beginning March 17, 2016. Therefore, continuing to work was not an available option and her being away from work was not in reliance on any statements regarding FMLA leave.

For the period between March 17, 2016 and March 24, 2016, Plaintiff admits that she understood that she was not on FMLA leave and was, instead, on paid sick leave. Therefore, she was using her sick leave with the understanding that she was not on FMLA leave, not in reliance on any representation that she was entitled to FMLA leave. *See Durose*, 251 F. App'x at 889 (noting that the plaintiff requested personal

leave because she was told her FMLA leave would expire before she was released to return to work).

In conclusion, Plaintiff has not presented evidence of any action she took in reasonable reliance on any direct misrepresentation of FMLA entitlement. As a result, on this basis also, Defendant is entitled to summary judgment on Plaintiff's FMLA retaliation claim.

## IV. **CONCLUSION AND ORDER**

Plaintiff concedes that Defendant does not meet the eligibility requirement for FMLA coverage, and she fails to present evidence that raises a genuine issue of material fact on her equitable estoppel argument.

Plaintiff has not presented any argument or evidence in opposition to the Motion as it relates to the breach of contract or the FLSA "unpaid wages" claim.[3] As a result, it is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment [Doc. # 39] is **GRANTED**, and Plaintiff's FMLA retaliation claim, her breach of contract claim, and her FLSA claim for "unpaid wages" (separate from her claim for unpaid overtime wages) are **DISMISSED WITH PREJUDICE**.

---

[3] It appears that the "unpaid wages" claim is based on Plaintiff's mathematical error when converting hours and minutes into decimals.

The case remains scheduled for docket call – on the FLSA claim for unpaid overtime wages – on **March 19, 2018**.

SIGNED at Houston, Texas, this **22nd** day of **January, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE